**Jason HETTLER, Plaintiff,**

v.

**ENTERGY ENTERPRISES, INC., Entergy Nuclear Operations, Inc., Entergy Services, Inc., Entergy Nuclear Northeast, Entergy Nuclear Indian Point 2, LLC, Entergy Nuclear Indian Point 3, LLC, Patric W. Conroy, Daniel Gagnon, Mitchell J. Wood, Terrence Thiverage, John Ventosa, and "John Does 1–10," Defendants.**

**No. 13 CV 6003(VB).**

United States District Court, S.D. New York.

Signed March 28, 2014.

---

**76.** Pl. Mem. at 43.

**77.** *See* SAC ¶¶ 186, 189.

**78.** *See id.* ¶¶ 34, 37, 161, 190, 195.

Amy L. Bellantoni, The Bellantoni Law Firm, LLP, Scarsdale, NY, for Plaintiff.

Jennifer Papas, Jonathan Marc Kozak, Jackson Lewis LLP, White Plains, NY, for Defendants.

## *MEMORANDUM DECISION*

BRICCETTI, District Judge.

Plaintiff Jason Hettler, a former security lieutenant and alarm station operator at the Indian Point nuclear power plant ("Indian Point"), brings this action against the corporate entities that operate Indian Point and several Indian Point employees. Plaintiff alleges defendants interfered with his rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and retaliated against him for taking FMLA leave and for reporting security violations to his supervisors and to the Nuclear Regulatory Commission ("NRC"). Plaintiff asserts both "retaliation" and "interference" claims under the FMLA, *see Potenza v. City of New York*, 365 F.3d 165, 167–68 (2d Cir.2004), and a claim under the New York Whistleblower Act, N.Y. Labor Law § 740 ("Section 740").

Before the Court is defendants' motion to dismiss the complaint under Rules 12(b)(1) and 12(b)(6). (Doc. # 3). For the following reasons, the motion is DENIED.

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND

In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor.

Plaintiff began working as a security lieutenant and alarm station operator at Indian Point in 2004. In 2009, plaintiff took intermittent leave under the FMLA to care for his wife, who was coping with a high-risk pregnancy.[1] He took intermittent leave again in 2012 and 2013 after learning his wife had a different health problem. Plaintiff alleges defendants retaliated against him for taking FMLA leave by (i) refusing to promote him, (ii) giving him a lower pay increase in April 2012 than the pay increases received by lieutenants who did not take leave, (iii) subjecting him to unnecessary fact-finding hearings, (iv) harassing and intimidating him, (v) suspending him without pay, (vi) refusing to provide him with back pay, (vii) refusing to reinstate him to his position after his suspension, and (viii) revoking his Unescorted Access Authorization to Entergy Operations nuclear facilities, thereby preventing him from obtaining a job at any nuclear power plant in the country for five years. Plaintiff further alleges defendants interfered with his FMLA rights by wrongfully denying certain of his requests for leave.

Plaintiff asserts defendants took most of the retaliatory actions listed above not only because he took FMLA leave, but also because he reported security violations to his supervisors at Indian Point and to the NRC. But plaintiff's request to take FMLA leave in July 2012—not his whistleblowing—allegedly prompted two of the

---

**1.** The FMLA allows eligible employees to take up to twelve work weeks of leave per year to care for a spouse, parent, or child with a serious health condition. 29 U.S.C. § 2612(a)(1)(C).

individual defendants to subject him to "a retaliatory and harassing 'fact-finding' hearing" and to harass and intimidate him more generally.

Plaintiff resigned on July 26, 2013, and commenced this action the following month.

The complaint includes six claims. Counts I and II allege defendants interfered with plaintiff's rights under the FMLA and retaliated against him for exercising or attempting to exercise those rights. Count III accuses the individual defendants of aiding and abetting each other in FMLA-based retaliation. Counts IV and V seek to hold defendants liable for one specific instance of FMLA-based retaliation, namely, their refusal to promote plaintiff. Count VI alleges defendants violated Section 740 by retaliating against plaintiff for reporting security violations at Indian Point.

## DISCUSSION

### I. *Legal Standards*

#### A. *Rule 12(b)(1)*

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir.2009) (internal quotation marks omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir.2011) (internal quotation marks omitted). The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists. *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir.2009).

When, as here, the case is at the pleading stage, in deciding a motion to dismiss under Rule 12(b)(1), the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." *Id.* "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Buday v. N.Y. Yankees P'ship*, 486 Fed.Appx. 894, 895 (2d Cir.2012) (summary order) (quoting *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992)) (internal quotation marks omitted). When a factual challenge to the Court's jurisdiction has been raised, "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir.2000).

#### B. *Rule 12(b)(6)*

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court evaluates the sufficiency of the complaint under the "two-pronged approach" announced by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. *Id.* at 678, 129 S.Ct. 1937; *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir.2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." *Id.* at 678,

129 S.Ct. 1937; *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 564, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## II. *FMLA Claims*

Defendants contend plaintiff's FMLA claims must be dismissed under Rule 12(b)(6) because plaintiff waived them by bringing a claim under Section 740. The Court disagrees.

Section 740 prohibits an employer from taking an adverse employment action against an employee who, *inter alia,* "discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety." N.Y. Labor Law § 740(2)(a).

Section 740 includes a waiver provision, which states

> Nothing in this section shall be deemed to diminish the rights, privileges, or remedies of any employee under any other law or regulation or under any collective bargaining agreement or employment contract; *except that the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law.*

*Id.* § 740(7) (emphasis added). On its face, Section 740(7) "would seem to provide that when an employee brings a whistleblower suit, *all* concurrent or future lawsuits brought by that employee, in any capacity whatsoever, are waived." *Collette v. St. Luke's Roosevelt Hosp.,* 132 F.Supp.2d 256, 262 (S.D.N.Y.2001). No court, however, has read Section 740(7) as requiring waiver of *every* claim available to a plaintiff. Rather, federal district courts in this Circuit and lower New York State courts "have adopted differing and sometimes contradictory limiting constructions of this waiver." [2] *Reddington v. Staten Island Univ. Hosp.,* 511 F.3d 126, 134 (2d Cir.2007).

These "limiting constructions" fall into three categories. Some courts—mainly New York's lower courts—have held Section 740(7) requires waiver of all claims that "relate to" the acts giving rise to the Section 740 claim, *Reddington v. Staten Island Univ. Hosp.,* 511 F.3d at 134; that is, the claims "aris[ing] out of the course of conduct forming the basis of the Section 740 claim." *Barker v. Peconic Landing at Southold, Inc.,* 885 F.Supp.2d 564, 568 (E.D.N.Y.2012) (citing New York State cases). This is the broadest of Section 740's limiting constructions, and the one defendants ask the Court to adopt.

Federal district courts in this Circuit generally have interpreted Section 740(7) more narrowly. Following *Collette v. St. Luke's Roosevelt Hospital,* several district courts have rejected the "course of conduct" approach and have held Section 740(7)'s waiver applies "only to rights and remedies concerning whistleblowing." *Reddington v. Staten Island Univ. Hosp.,* 511 F.3d at 134 (citing, *e.g., Collette v. St.*

**2.** Neither the Second Circuit nor the New York Court of Appeals has defined Section 740(7)'s scope.

*Luke's Roosevelt Hosp.*, 132 F.Supp.2d at 274). In *Collette*, the court concluded Section 740(7) did not bar claims under federal, state, and local anti-discrimination laws—although those claims arose "from the same course of conduct, and indeed, more narrowly still, from the very same actions" as the plaintiff's Section 740 claim—because those claims were "based on separate facts, and [sought] to protect a different legal interest" than her Section 740 claim.[3] 132 F.Supp.2d at 265, 274. But *Collette* left open the question whether Section 740(7) extends to federal claims alleging retaliation for the same whistleblowing activity on which a Section 740 claim is based, suggesting "an effort by New York to condition a *state* law right on the waiver of arguably unrelated *federal* rights" may violate the Supremacy Clause. *Id.* at 265, 268 n. 8; *see* U.S. Const. Art. VI, cl. 2.

Other district courts in this Circuit, however, have held Section 740(7) does not require waiver of *any* federal claim. *See, e.g., Kramsky v. Chetrit Group, LLC*, 2011 WL 2326920, at *6 n. 6 (S.D.N.Y. June 13, 2011) (disagreeing "that § 740(7) does waive federal causes of action"); *Reddington v. Staten Island Univ. Hosp.*, 373 F.Supp.2d 177, 188 n. 8 (E.D.N.Y.2005) ("[F]ederal claims are not waived by § 740."). Section 740(7)'s practice commentaries, which courts "may consider 'authoritative' in the absence of precise textual guidance or binding authority (neither of which [is] present here)," *Collette v. St. Luke's Roosevelt Hosp.*, 132 F.Supp.2d at 272, also support the view that Section

740(7) does not bar federal claims. *Id.* at 273 (" '[I]t is possible that federal laws which create claims for retaliation may apply notwithstanding suit being brought under § 740(7).' " (quoting Givens, Practice Commentaries, McKinney's Consol. Laws of N.Y., Book 30, N.Y. Labor Law § 740, at 577–78 ("Givens"))).

Like *Collette*, these authorities reason that reading Section 740(7) to displace federal claims would raise serious constitutional questions, and courts must construe the statute to avoid raising such questions. *See Kramsky v. Chetrit Group, LLC*, 2011 WL 2326920, at *6 n. 6 ("This Court will construe Section 7 narrowly in order to avoid such Constitutional issues."); *Reddington v. Staten Island Univ. Hosp.*, 373 F.Supp.2d at 188 ("Holding that the waiver does not apply to claims under federal law, avoids serious federal constitutional problems, which would be raised were a state statute to nullify a federal provision." (internal quotation marks omitted)); *Collette v. St. Luke's Roosevelt Hosp.*, 132 F.Supp.2d at 273 (requiring " 'waiver of federal rights against retaliation as a precondition for asserting otherwise available rights under state legislation ... may violate the obligation of the states to enforce federal law' " (quoting Givens, at 577–78)).

▮ The Court finds persuasive the reasoning of *Kramsky* and other authorities construing Section 740(7) as not requiring waiver of any federal claims. Accordingly, the Court follows the canon of constitutional avoidance and declines to interpret Section 740(7) as supplanting claims arising under federal law. The Court therefore

---

**3.** The plaintiff in *Collette* alleged her employer violated anti-discrimination laws by (i) firing her for complaining about its unlawful hiring practices, and (ii) implementing discriminatory hiring practices. 132 F.Supp.2d at 259–60, 274. Her Section 740 claim, by contrast, alleged she was fired for reporting her employer's acceptance of illegal pharmaceutical

contributions. *Id.* Thus, although her discrimination and Section 740 claims arose in part from the same course of conduct (her firing), the whistleblowing activity underlying her Section 740 claim did not also form the basis of her discrimination claims. *Id.* at 265, 274.

holds plaintiff did not waive his FMLA claims by bringing a Section 740 claim.

And even assuming Section 740(7) applied to federal claims, the Court still would not dismiss plaintiff's FMLA claims. Like *Collette*, the Court concludes Section 740(7), if applicable to federal claims, would reach only those federal claims "concerning whistleblowing," not every federal claim arising out of the same "course of conduct" as a Section 740 claim.[4] *See Collette v. St. Luke's Roosevelt Hosp.*, 132 F.Supp.2d at 265–67, 272–74.

Here, plaintiff's FMLA claims do not "concern[ ] whistleblowing." Plaintiff's interference claims allege defendants violated the FMLA by denying certain of his requests for leave. Plaintiff does not, and need not, allege defendants denied his leave requests because of his whistleblowing. *See Higgins v. NYP Holdings, Inc.*, 836 F.Supp.2d 182, 193 (S.D.N.Y.2011) (to state *prima facie* interference claim, plaintiff must show (i) eligibility for leave; (ii) defendant is subject to FMLA; (iii) entitlement to leave; (iv) notice of intent to take leave; and (v) denial of benefits under FMLA). Nor do plaintiff's FMLA retaliation claims stem from his whistleblowing. Indeed, these claims seek to hold defendants liable for retaliating against plaintiff for taking leave under the FMLA, not for whistleblowing. Although plaintiff's FMLA retaliation claims and Section 740 claim are based on many, but not all, of the same alleged retaliatory acts—or the same "course of conduct"—that is not enough to find waiver.[5] *See Collette v. St. Luke's Roosevelt Hosp.*, 132 F.Supp.2d at 265 (plaintiff did not waive discrimination claims by bringing Section 740 claim, although "the very same actions" gave rise to both those claims and her Section 740 claim).

Accordingly, defendants' motion to dismiss plaintiff's FMLA claims under Rule 12(b)(6) is denied.

### III. *Section 740 Claim*

■ Because plaintiff's FMLA claims may proceed, the Court retains supplemental jurisdiction over plaintiff's Section 740 claim. *See* 28 U.S.C. § 1367.

Accordingly, defendants' motion to dismiss plaintiff's Section 740 claim under Rule 12(b)(1) is denied.

### CONCLUSION

Defendants' motion to dismiss is DENIED.

The Clerk is instructed to terminate the motion. (Doc. # 3).

SO ORDERED.

---

**4.** Although defendants point out *Collette* is not binding on this Court (Defs.' Reply, at 2–3), neither are the cases adopting the "course of conduct" approach.

**5.** Plaintiff alleges he was "subjected to a retaliatory and harassing 'fact-finding' hearing" and was "harassed and intimidated" by certain individual defendants for taking FMLA leave (Compl. ¶¶ 337–39), but not for whistleblowing.